IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY VARTANIAN, NORMAN LEW, LUIS BILL and BAUDILO PEREZ,<br><br>Plaintiff,<br><br>v.<br><br>AMFA LOCAL 9, UNITED AIRLINES, INC., and DOES 1-10, Inclusive<br><br>Defendants. | No. C 05-00293 FMS<br><br>**ORDER GRANTING UNITED AIRLINES' MOTION TO DISMISS AND STAYING AMFA'S MOTION TO DISMISS FOR 180 DAYS** |

Defendants AMFA 9 (Union) and United Airlines have moved separately to dismiss the plaintiffs' claims for damages and declaratory relief both under Federal Rule of Civil Procedure 12(b)(1), for lack of jurisdiction, and 12(b)(6), for failing to state a claim on which relief may be granted.

Plaintiffs, former airline employees and union members, have requested the Court interpret the parties' rights under the Collective Bargaining Agreement (CBA). Further, plaintiffs have claimed 1) a breach of duty of fair representation against the union, AMFA, for failing to effectively represent the plaintiffs and 2) a breach of contract against United Airlines for failing to adhere to the CBA recall provisions. United Airlines has alternatively moved for summary judgment.

A hearing on the motions was held on Thursday, May 26, 2005. Based on the oral

argument and the briefings submitted, the Court GRANTS United Airline's motion to dismiss and STAYS the Union's motion to dismiss for 180 days.

## II.  BACKGROUND

The named plaintiffs in this action, Vartanian, Lew, Bill and Perez, were all employed as Aircraft Shop Inspectors until around October of 2001.  After the terrorist attacks of September 11, 2001, United Airlines experienced a need to reduce its work force and began laying off its workers.  *See* Complaint ¶ 15.  In October of 2001, plaintiffs were laid off from their "premium classification" of Shop Inspectors, and reclassified to the basic classification of Aircraft Mechanic.  *Id.*  Plaintiffs continued to work under this basic classification until their ultimate layoff, or furlough, from United Airlines in June of 2003.

The plaintiffs voiced concerns with their Union, IAM, in May of 2003 about their recall rights under the CBA, essentially believing that they would "carry [their] seniority rights out the door," meaning they could be recalled to an Aircraft Shop Inspector premium classification even after their layoff from a basic classification position.  Complaint ¶¶ 21-22.  It is the plaintiffs' contention that the IAM Union assured the plaintiffs that the CBA did include recall rights that would allow plaintiffs to resume their work as Shop Inspectors, once openings became available.  *Id.* ¶¶ 21-23.

Less than two months after the plaintiffs' final layoff from United Airlines, and IAM's assurances, defendant AMFA replaced IAM as the official union of United Airlines.  *Id.* ¶ 28.  After AMFA began its representation of the plaintiffs, the plaintiffs became dissatisfied.  Different from IAM's position, AMFA and its representatives believed that the plaintiffs had no recall rights to premium classifications after they were laid off in June of 2003.  Plaintiffs allege that AMFA was unresponsive to their inquiries, uncooperative and even hostile to their requests for information and assistance.

Plaintiffs Lew and Vartanian, on behalf of themselves and others in their position, filed a First Step Complaint form, or grievance, on August 11, 2003, requesting recall to the Shop Inspector position.  *Id.* ¶ 45.  This grievance was denied ten days later, with a responsive memorandum, on August 21, 2003.  The opinion asserted that plaintiffs would not be recalled to premium positions as Shop Inspectors "from the street" because it would violate seniority

2

rights of other union members. *Id.* ¶ 47. Plaintiffs Lew and Vartanian were then informed that AMFA would bypass the level two grievance process, moving directly to step three. *Id.* ¶ 48. According to plaintiffs, however, AMFA failed to pursue the grievance further, and failed to communicate with plaintiffs, even after plaintiffs repeatedly contacted the AMFA with documents discussing IAM's interpretation of the recall provisions. Ultimately, the Lew and Vartanian grievances were dismissed due to a failure of timely appeal. *See id.* ¶ 68.

In May of 2004, however, almost a year after the plaintiffs' layoff, AMFA filed a new "class action" grievance under the name of plaintiff Luis Bill, et al, which would affect all named plaintiffs. The grievance asserted the same positions of the earlier Lew and Vartanian grievances, i.e., that plaintiffs should be given the right of recall to the Shop Inspector premium classification pursuant to the CBA. This new grievance was denied on June 15, 2005.

On June 17, 2004, the Bill grievance was appealed to a second step grievance hearing. United indicated that it would accept the appeal as applicable to all four named plaintiffs, waiving any defenses it had relating to any untimeliness arguments. In essence, United agreed to review the grievance on the merits.

On February 10, 2005, United issued a third step opinion, denying the grievance. After this denial, plaintiffs could appeal the decision to the System Board of Adjustment for arbitration, either requesting the representation of AMFA in the matter, or electing to represent themselves.

Plaintiffs contend that defendant Union became cooperative only after the complaint against it was filed. The Bill grievance is now in the process of being scheduled for arbitration, although no date for the arbitration has been set.

### III. LEGAL STANDARD

*Railway Labor Act Preemption*

Congress passed the Railway Labor Act in order to streamline labor dispute resolution. *See Hawaiian Airlines v. Norris,* 512 U.S. 246, 252-53 (1994). The act provides for the mandatory arbitration of disputes characterized as "minor." *Id.* Major disputes address disagreements relating to "rates of pay, rules or working conditions," 45 U.S.C. §151a, whereas minor disputes focus on the interpretation or application of the CBA, specifically

3

"pay, rules or working conditions." *Id.; see also Consolidated Rail Corporation v. Railway Labor Executives' Assn.*, 491 U.S. 299, 302 (1989) ("[M]ajor disputes seek to create contractual rights, minor disputes to enforce them."). Thus, if the dispute is grounded in the interpretation of the CBA, the parties must arbitrate pursuant to the RLA and the procedures outlined by the CBA and the System Boards of Adjustment.

Union members must exhaust the grievance procedures outlined in the CBA before pursuing an action alleging either breach of the union agreement or breach of the duty of good faith and fair dealing. *See Carr v. Pacific Maritime Ass'n*, 904 F.2d 1313, 1317 (9th Cir. 1990); *Vaca v. Sipes, Administrator*, 386 U.S. 171, 184 (1967) ("[I]t is settled that the employee must at least attempt to exhaust exclusive grievance and arbitration procedures established by the bargaining agreement."). Unless a party can show the futility of following the dispute process outlined by the CBA, by either demonstrating a lack of neutrality or a fundamental flaw in the grievance process, a lawsuit brought in district court that seeks to resolve disputes appropriate for the grievance process must be dismissed for lack of jurisdiction. *See Croston v. Burlington Northern Railroad Co.*, 999 F.2d 381, 386-86 (9th Cir. 1993). A party can demonstrate futility if shows that the employer refused to adhere to the procedural process or if the union refused to allow the employee to access the grievance process. *Vaca*, 386 U.S. at 185.

### III. ANALYSIS

Defendants have argued that the present action is preempted by the RLA. Although there is no present evidence that the plaintiffs' move to arbitrate is futile, based on the past circumstances and the Union's failure to timely process the plaintiffs' grievances, the Court finds the question of futility, with respect to the Union, unresolved. The Court hereby STAYS the Union's motion to dismiss for 180 days. At that time, the Court will revisit defendant's motion. If, during that time, the arbitration process is proceeding in a timely fashion, the parties shall contact the Court, and the case will be dismissed.

Unlike the Union, there are no facts supporting the futility of pursing arbitration against United Airlines. Although United has denied plaintiffs' grievances, plaintiffs have not suggested that United has refused to adhere to the grievance process. Further, United has

4

1 stipulated that it will waive any statute of limitations defenses in order to arbitrate the dispute,
2 allowing the grievance to proceed to arbitration as outlined in the CBA.  Thus, arbitration is
3 appropriate because plaintiffs' claims against United are based on the interpretation of the
4 CBA, thus the RLA preempts this action.  United's motion to dismiss is therefore GRANTED.

## IV. CONCLUSION

Based on the foregoing analysis, union defendant AMFA's motion to dismiss is STAYED for 180 days and defendant United's motion to dismiss is GRANTED

**IT IS SO ORDERED.**

Dated: June 7, 2005                                                          /s/

FERN M. SMITH
UNITED STATES DISTRICT JUDGE